■ Harry M. Pierson, Appellant, v New York City Department of Education, Respondent. [966 NYS2d 36]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 12, 2011, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although plaintiff made out a prima facie case of age-based discrimination, defendant met its burden of proffering legitimate, nondiscriminatory reasons for failing to hire plaintiff as a teacher in the New York City teaching fellows program (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 45 [1st Dept 2011], lv denied 18 NY3d 811 [2012]), including plaintiff's stereotyping

statement, made during a hiring interview, that parents in a particular ethnic group are more successful in communicating the importance of education to their children, resulting in superior academic performance. In response, plaintiff failed to show that defendant's proffered reasons were pretexts for discrimination (*id.*).

Similarly, although plaintiff made out a prima facie case of retaliation, defendant met its burden of proffering legitimate, nondiscriminatory reasons for declining to accept plaintiff into the SMART teaching certification program (*Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553-554 [1st Dept 2010]), including plaintiff's expressed intention to focus his teaching energies on students "willing and interested" in learning. In response, plaintiff again failed to show that defendant's reasons were pretextual (*see id.* at 554). Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ. [**Prior Case History: 2011 NY Slip Op 33161(U).**]